IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY JOHN KELLY | § | |
| VS. | § | CIVIL ACTION NO. 1:03cv206 |
| R.D. MILES, ET AL | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry John Kelly, an inmate confined in the Bureau of Prisons, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against several defendants.

Pending before the court is a motion filed by plaintiff (doc. no. 62) asking that a default judgment be entered against defendant Mosman. Plaintiff states defendant Mosman failed to file a responsive pleading within the time allotted by the court.

## Discussion

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party against whom a judgment for affirmative relief is sought when such party fails to plead or otherwise respond to the action. A default judgment is a discretionary remedy. A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "When an application is made to the court ... for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court may consider any

number of factors that may appear from the record.  The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations.  *E.F. Hutton & Company v. Moffat*, 460 F.2d 284 (5th Cir. 1972); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Flaska v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir. 1968).  It is only appropriate where there has been a clear record of delay or contumacious conduct.  *Moffat*, 460 F.2d at 284; *Flaska*, 389 F.2d 885.

It is always preferable to decide a case on its merits.  Defendant Mosman has filed a response to the motion for default judgment in which he asserts several defenses to plaintiff's claim against him.  In addition, it does not appear that defendant Mosman's delay in responding to the complaint was based upon any intent to engage in contumacious conduct.  Finally, it does not appear plaintiff was prejudiced by the delay in defendant Mosman responding to the complaint.  As a result, the court will exercise its discretion to deny plaintiffs' motion.

## ORDER

For the reasons set forth above, plaintiff's motion for default judgment is **DENIED**.

**SIGNED** this   25   day of      July         , 2006.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE